Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that Dr. William Pasteur by his will having directed that out of the proceeds of the residuum of his estate, directed to be sold, there should be paid a legacy of £ 500 in favour of his wife Elizabeth Pasteur, and a legacy of £ 200 sterling to his nephew William Pasteur; and that, after deduct *422 ing these sums, the residue of said proceeds should be paid, in given proportions, to his niece Ann Smith, and for the use and benefit of his sister Ann Craig: the effect of these provisions was to constitute his said neice and nephew residuary legatees of said proceeds, in reference to the said pecuniary legacies to his wife and nephew. But that the said will having also directed that if a certain fund, thereby appropriated to the payment of the testator’s debts, should prove inadequate for that purpose, then that the deficiency should be made up by deducting the amount thereof, in ratable proportions, from the legacies bequeathed as aforesaid to his wife, nephew, niece and sister; the effect of this provision was to place them all, in reference to the testator’s creditors, upon the same footing, to wit, that of residuary legatees ; without, however, in any wise disturbing the relation above mentioned in which they stood in reference to each other. After the reduction, therefore, of the said several legacies requisite for the payment of debts, the reduced sums payable to the said Elizabeth Pasteur and William Pasteur, on account of their legacies, stood upon the same footing as if those reduced sums had been specified in the will, as the pecuniary legacies bequeathed to them respectively. And as according to the well settled rule of equity, pecuniary legacies payable out of the residuary estate bear interest until payment, whether the fund out of which they are to be paid be productive or unproductive, it follows that though the residue of the estate in the hands of the executor, after payment of debts, consisted wholly of interest, yet that the abated legacy of Mrs. Pasteur ought to carry interest at the rate of 5 per cent, per annum, from the 1st day of January 1793 until paid.
The Court is therefore of opinion, that so much of the Chancellor’s decree of the 31st of March 1845, as fails to allow interest on 615 dollars 99 cents, the abated *423 legacy of Mrs. Pasteur, at the rate of 5 per cent, per annum from the 1st day of January 1793 till paid, is erroneous.
And the Court is further of opinion, that by a clerical misprision, the said decree of the 31st of March 1845, is also erroneous in giving interest at 6, instead of 5 per cent, on 234 dollars 82 cents, also found in favour of Mrs. Pasteur, and which, with a portion of interest which had accrued thereon prior to the 1st of January 1816, and the said sum of 615 dollars 99 cents, her abated legacy, makes the aggregate sum of 867 dollars 32 cents directed to be paid to the appellant.
And the Court is further of opinion, that the said decree of the 31st of March 1845, is moreover erroneous in refusing to allow to the appellant his costs by him expended in the prosecution of his original bill.
And the Court is further of opinion, for the reasons assigned by the Chancellor, that the claims to the pecuniary legacy of £ 200 sterling to William Pasteur, and the residuary legacy to Ann Craig, ought not to he sustained ; and therefore that there is no error in the decree of the 14th of March 1848.
It is therefore adjudged, ordered and decreed, that so much of the decree of the 31st of March 1845, as is in conflict with the foregoing opinion, be reversed and annulled, and that the residue thereof, and the decree of the 14th of March 1848 be affirmed, with costs to appellant : and the cause is remanded to the Chancery court to be proceeded in according to the principles above declared.